

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2008

# Chrin v. IBRIX INC

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2931

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Chrin v. IBRIX INC" (2008). *2008 Decisions.* Paper 646.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/646

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-2931 & 07-3466
_____

DAVID CHRIN,

Appellant

v.

IBRIX, INC.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-06226)
District Judge:  Honorable Anne E. Thompson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 8, 2008
Before: RENDELL, JORDAN and ROTH, Circuit Judges

(Opinion filed:  August 15, 2008)
_____

OPINION
_____

PER CURIAM

        Proceeding pro se, David Chrin appeals the District Court's order denying

his motion to remand to state court and dismissing his complaint pursuant to Fed. R. Civ.

P. 12(b)(6).   Because we write for the parties, we state only those facts most pertinent to

our decision.

Chrin is a co-inventor of a method of electronic file sharing and storage. In 2000, he signed a "Confidential Information and Invention Assignment Agreement" ("CIIA") promising to assign any potential patents to Ibrix, Inc in exchange for employment with Ibrix. In 2001, he began employment with Ibrix. That same year, the parties filed a patent application for the electronic filing sharing and storage invention; they also executed an Assignment expressing Chrin's agreement to assign his entire interest in the patent to Ibrix, in exchange for one dollar and "other good and valuable consideration." Before the Patent and Trademark Office granted the patent, Ibrix terminated Chrin's employment. Subsequently, in 2003, Chrin filed a lawsuit against Ibrix and other defendants in the Delaware Court of Chancery, which was rejected in part. See Chrin v. Ibrix, Inc., No Civ. A. 20587, 2005 WL 2810599 (Del. Ch. Oct 19, 2005).

In 2006, Chrin filed the instant complaint in the Superior Court of New Jersey against Ibrix, Inc., seeking a declaratory judgment that the CIIA and the Assignment were null and void, or, in the alternative, for a monetary award reflecting his interest in the patent. On diversity jurisdiction grounds, Ibrix removed the action to the District Court pursuant to 28 U.S.C. §§ 1441 and 1446, and it filed a motion to dismiss under Rule 12(b)(6). Instead of filing a response to the motion to dismiss, Chrin moved to remand, arguing that Ibrix failed to establish that his claims satisfy the amount in controversy requirement for diversity jurisdiction. The District Court denied his motion

2

and dismissed the Complaint for failing to state a claim. After an unsuccessful motion for reconsideration and two unsuccessful motions to amend his complaint, Chrin appealed.

We are presented with two questions. The first is whether the District Court properly denied Chrin's motion to remand on the ground that the requisite jurisdictional amount under 28 U.S.C. §1332(a) had not been satisfied. The second is whether the District Court properly dismissed Chrin's complaint pursuant to Rule 12(b)(6) without granting his motions to amend his complaint.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of jurisdictional questions is plenary. See Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004). Moreover, we exercise plenary review over a dismissal pursuant to Rule 12(b)(6), and we review a denial of a motion to amend for abuse of discretion. See Krantz v. Prudential Inv. Fund Mgmt. LLC, 305 F.3d 140, 143-44 (3d Cir. 2002).

I.

We must first decide whether the amount in controversy in this case exceeds $75,000. The removing party bears the burden of showing that the case is properly before the federal court. Samuel-Bassett, 357 F.3d at 396. Where the parties dispute the underlying facts concerning the jurisdictional amount requirement, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Frederico, 507 F.3d at 194 (quoting McNutt v. Gen.

3

Motors Acceptance Corp., 298 U.S. 178 (1936)). Thereafter, or if the underlying jurisdictional facts are not in dispute, a federal court must decide whether it appears to a "legal certainty" that the plaintiff is not entitled to recover an amount exceeding the jurisdictional requirement. See id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938)).

In this case, the District Court found it "more likely than not" that the amount-in-controversy requirement had been satisfied, relying on the only evidence presented below–the Affidavit of Steven Orszag, Ibrix's founder and co-inventor of the patent at issue.[1] Although he now challenges the Affidavit on appeal, Chrin filed no opposition to Orszag's Affidavit in the District Court. Thus, in the absence of competing evidence, the District Court found the Orszag Affidavit to be competent proof, and concluded that the jurisdictional amount had been satisfied for the purposes of 28 U.S.C. § 1332(a).

On appeal, Chrin for the first time challenges Orszag as unqualified to appraise the value of patents, and he asserts that Orszag's valuation methods of the patent in this case are conclusory and flawed. Notwithstanding his critique of the Orszag Affidavit, Chrin puts forth no opposing facts to suggest that the contested amount falls short of the jurisdictional requirement. He describes at length a number of alternative

---

[1] In his Affidavit, Orszag estimates that the patent is worth between $300,000 and one million dollars.

4

valuation methods in his submissions on appeal, but he nevertheless supplies no useful information to calculate what the amount in controversy might be under those methods. Therefore, even assuming arguendo that Orszag's valuation methods are flawed, Chrin's submissions on appeal give us no reason to disagree with the District Court's finding that Ibrix has carried its burden of proving that the jurisdictional amount has more likely than not been satisfied. Because Chrin did not contest the affidavit before the District Court, we apply the "legal certainty test" to the facts presented, and, having do so, conclude that it does not appear to a legal certainty that Chrin cannot recover more than $75,000. Because we are satisfied that the requisite jurisdictional amount has been met, we may reach the merits.

II.

Our next task is to determine whether the District Court properly dismissed Chrin's complaint under Rule 12(b)(6) and denied his motions to amend. In evaluating a motion to dismiss, courts must accept as true all the factual allegations in a complaint and draw all inferences from the alleged facts in a light most favorable to the plaintiff. Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003). A motion to dismiss may be granted only if, after such a review, the plaintiff is not entitled to relief. Doug Grant, Inc. v. Great Bay Casino Corp., 232 F.3d 173, 183 (3d Cir. 2000). Motions to amend may be denied on the grounds that they are futile. Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000).

5

In his Complaint, Chrin sought a declaratory judgment providing that the CIIA and Assignment are null and void. In particular, he asserted that there was no "meeting of the minds" regarding consideration for the CIIA, and that the consideration for the Assignment was inadequate. In the alternative, Chrin alleged that, under a theory of quantum meruit, he was entitled to a monetary award in the amount of one-third of the value of the patent, because the consideration he received for transferring his ownership interest in the patent was inadequate compared with the patent's value.

After reviewing the pleadings and submissions in a light most favorable to Chrin, we conclude that his claim fails. As to the CIIA, Chrin claims that there was no "meeting of the minds as to [the] consideration to be received and no contract formed." However, as the District Court aptly points out, that claim is belied by his Complaint. Chrin explained in his Complaint that he signed an agreement promising to assign any potential patents to Ibrix in exchange for employment. After the agreement was signed, Ibrix did in fact employ Chrin full-time as a Product Manager. These facts plainly indicate that he understood the terms of the bargained for exchange. Accordingly, his claim cannot succeed.

Chrin insists in the alternative that the contract does not obligate him to assign his invention, because he invented the product before starting employment with Ibrix. As he argues on appeal, even assuming that the contract is valid, the language of the contract only required him to hand over inventions created "during the term of [his]

6

employment . . . ." Because he was not employed at the time that he invented the product, he argues that the contract does not require that he assign his rights, interests, and title over the invention to Ibrix.

Chrin's argument is plainly subverted by other provisions in the contract, a copy of which he attached to his Complaint. In particular, we note that section 2(a) of the CIIA memorializes Chrin's acknowledgment that he has informed Ibrix of all prior and related inventions. The provision further stipulates that all prior inventions, if they exist, should be listed in a separate attachment entitled "Exhibit A: List of Prior Inventions and Original Works of Authorship." The provision also instructs that "If there are no such Prior Inventions indicated on Exhibit A, I represent that there are no such Prior Inventions." A review of "Exhibit A" indicates that Chrin check-marked "No inventions" selection on the attachment, and he then executed it by signing and dating it. Moreover, Chrin acknowledges that he disclosed nothing on that exhibit. Because the contract plainly contradicts his argument, it cannot succeed.

Chrin argues further that the consideration for the Assignment – one dollar and "other good and valuable consideration" – was inadequate. However, as we have just explained, Chrin's own allegations in his complaint evidences his understanding that his employment with Ibrix was the exchange for promising Ibrix full rights to all potential patents. Under these circumstances, because the Assignment carried out the invention assignment provisions of the CIIA, which Chrin initially agreed to as a condition of his

7

employment, his continued employment, under New Jersey law, constituted adequate consideration for the subsequent agreement. See Martindale v. Sandvik, Inc. 800 A.2d 872, 879 (N.J. 2002). Accordingly, as the District Court correctly noted, because Chrin has failed to argue that the subsequent agreement constituted a modification of the terms of CIIA, we conclude that adequate consideration supported the Assignment.

Finally, Chrin asserts that he should recover the fair value of his portion of the patent under a theory of quantum meruit, because the consideration for his assignment of the valuable patent to Ibrix was "woefully inadequate" relative to the value of the patent. However, Chrin cannot recover under quantum meruit because the parties clearly intended to be bound under the terms of the CIIA and Assignment. See Kas Oriental Rugs, Inc v. Ellman, 926 A.2d 387, 392 (N.J. Super. 2007)(quoting Weichert Co. Realtors v. Ryan, 608 A.2d 280 (N.J. 1992). Moreover, as we have already concluded, Chrin expressly relinquished his rights to the patent under the agreements as a condition of his employment. Additionally, as the District Court noted, to the extent that Chrin's claim amounts to an argument that he received a bad bargain, we agree that we may not fashion a better bargain for Chrin than that which he negotiated for himself. See Lucier v. Williams, 366 N.J. Super 485, 491 (citing Kampf v. Franklin Life Ins. Co., 161 A.2d 717 (N.J. 1960)). Accordingly, Chrin is not entitled to recover the value of the portion of his contribution to the patent.

As to his motions to amend, Chrin submitted a proposed amended complaint, alleging that no valid assignment agreements were formed and reiterating claims that he had pursued in the Delaware Court of Chancery and which the court denied.[2]  See Chrin v. Ibrix, Inc., No Civ. A. 20587, 2005 WL 2810599 (Del. Ch. Oct 19, 2005).   The District Court reaffirmed, and, we agree, that the assignment agreements were not merely negotiations, but were validly executed contracts.  Moreover, the District Court agreed with Ibrix that res judicata precludes Chrin from re-litigating the remaining proposed amended claims.  Our review of the record supports that conclusion.  Applying Delaware law, see Turner v. Crawford, 449 F.3d 542, 547 (3d Cir. 2006), we agree that all the res judicata elements have been met here.  See Second National Building and Loan, Inc v. Sussex Trust Co., 508 A.2d 902, 906 (Del. Super. Ct. 1985).  Because we agree with the District Court that Chrin's proposed amended claims are futile because they are meritless and are barred by res judicata, we conclude that the District Court did not abuse its discretion in denying his requests for leave to amend.  See Rule 15(a); Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000).

---

[2] Chrin alleges in his proposed amended complaint that (1) no contract was ever formed because there was no acceptance; (2) the assignment agreements were merely employment negotiations; (3) the assignment agreement was procured by fraudulent inducement; (4) the assignment agreement breached the covenant of good faith and fair dealing; and (5) Ibrix breached their employment agreement by refusing him promised benefits.  As the District Court pointed out, the Delaware Court Chancery rejected claims virtually identical to counts three to five.