Sheldon **KRANTZ**, Appellant

v.

**PRUDENTIAL INVESTMENTS FUND MANAGEMENT LLC; Prudential Investment Management Services LLC**

. **No. 02–1266.**

United States Court of Appeals, Third Circuit.

Argued July 29, 2002.

Filed Aug. 30, 2002.

Joel C. Feffer (Argued), Daniella Quitt, Weschsler, Harwood, Halebian and Feffer, LLP, New York, for Appellant.

James N. Benedict (Argued), Mark Holland, Sean M. Murphy, Mary K. Dulka, Clifford, Chance, Rogers and Wells, New York, NY, Herbert J. Stern, Joel M. Silverstein, Stern, Greenberg, and Kilcullen, Roseland, NJ, for Appellees.

Before: BECKER, Chief Judge, ROTH and RENDELL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Plaintiff, a shareholder in the Prudential Jennison Growth Fund (the "Fund"), brought this action pursuant to § 36(b) of the Investment Company Act of 1940, as amended (the "ICA"), 15 U.S.C. § 80a–35(b), against Prudential Investment Fund Management LLC, the investment adviser to the Fund (the "adviser"), and Prudential Investment Management Services LLC (collectively, "Prudential").[1] Plaintiff alleged that the investment advisers received excessive compensation in breach of their "fiduciary duty with respect to compensation" set forth in § 36(b) of the ICA, 15 U.S.C. § 80a–35(b). The District Court entered an order dismissing the action for failure to state a claim. Fed.R.Civ.P.

---

**1.** The original Complaint was filed on August 7, 1998. Defendants moved to dismiss the Complaint arguing, *inter alia*, that Plaintiff lacked standing to assert derivative-type claims on behalf of any Prudential Funds other than the one for which he was a shareholder. In response, Plaintiff filed an Amended Complaint on December 10, 1998, which was substantially similar to the original Complaint except that it asserted claims only on behalf of the Fund, and not on behalf of all similarly situated Prudential funds.

12(b)(6). Because we agree that Plaintiff has failed to state a claim that the compensation received by the investment advisers was received in breach of their fiduciary duty, we affirm the order of the District Court.

## I. Allegations and Standard of Review

Section 36(b) of the ICA provides that an investment adviser has a "fiduciary duty with respect to the receipt of compensation." 15 U.S.C. § 80a–35(b). Section 36(b) also provides for a private cause of action by a shareholder against the investment adviser and principal underwriter "for breach of fiduciary duty in respect of ... compensation" paid by a fund. *Id.* Section 10(a) of the ICA, 15 U.S.C. § 80a–10(a), mandates that at least 40% of the members of the governing board of every registered investment company not be "interested persons," i.e., they must be independent of the investment adviser. Such directors are generally referred to as independent directors. Section 15(c) of the ICA, 15 U.S.C. § 80a–15(c), mandates that every agreement with an investment adviser or distributor be approved by a majority of independent directors. The Amended Complaint seeks to recover the fees paid by the Fund to its investment adviser and distributor, pursuant to management and distribution agreements which were allegedly entered into in violation of §§ 10(a) and 15(c) of the ICA. 18 U.S.C. §§ 80a–10(a), 80a–15(c). The Amended Complaint also contends that the fees authorized were excessive.

Plaintiff's Amended Complaint alleges that none of the members of the Fund's board are independent, as required by § 10(a), because they serve on numerous other boards for various Prudential funds and receive a large aggregate compensation for their combined services. Plaintiff contends that under such a scenario the independent directors are actually "controlled" by Prudential. Thus, Plaintiff submits that the management and distribution agreements, which establish the fees paid by the Fund to the investment adviser and distributor, were not properly approved as required under § 15(c). Accordingly, Plaintiff argues that the receipt of funds from invalid agreements is a breach of the Defendants' fiduciary duty to negotiate at arm's length under § 36(b). Finally, Plaintiff contends that in addition to violating the independence requirement of § 36(b), the Defendants also violated § 36(b) because their adviser-manager's fees agreement were so disproportionately large that fees amounted to a breach of their fiduciary duty.

Defendants urge that the only facts pleaded were that directors served on multiple boards and were well-compensated. They contend that this was inadequate support either for the claim that the fees were excessive or for the claim that these directors were "controlled" by the financial adviser. The District Court adopted the Defendants' view, and dismissed the amended complaint.

Our review of a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is plenary. *Langford v. City of Atlantic City,* 235 F.3d 845, 847 (3d Cir.2000). "We must determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996). While Fed. R.Civ.P. 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," Rule 12(b)(6) is not without meaning. "Although the pleading requirements ... are very liberal, more detail is often required than the bald statement by plaintiff that he

has a valid claim of some type against defendant." 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 at 318 (2d ed.1990).

## II. Dismissal For Failure to State a Claim

This case is one of five virtually identical actions filed by Plaintiff's counsel in district courts in four separate circuits. All of the other courts, including the courts of appeals for the Fourth Circuit and the Second Circuit, have rejected Plaintiff's arguments. *See Migdal v. Rowe Price–Fleming Int'l, Inc.*, 248 F.3d 321, 330 (4th Cir.2001); *Verkouteren v. Blackrock Fin. Mgmt., Inc.*, No. 98 Civ. 4673, 1999 WL 511411, at *4 (S.D.N.Y. July 20, 1999), *aff'd*, 208 F.3d 204, 2000 WL 298255 (2d Cir.2000); *Krantz v. Fidelity Mgmt. and Research Co.*, 98 F.Supp.2d 150, 157 (D.Mass.2000); *Strougo v. BEA Assocs.*, No. 98 CIV 3725, 1999 WL 147737, at *3 (S.D.N.Y. Mar. 18, 1999).

The complaint in the Fourth Circuit asserted two related claims:

> First, plaintiffs alleged that the investment advisers breached their fiduciary duty under Section 36(b) because the fees they received were excessive. Second, plaintiffs contended that the "independent" directors of each of the mutual funds were not actually disinterested parties as required by the ICA. *See* 15 U.S.C. §§ 80a–10(a) and 80a–15(c). Specifically, several of the funds' disinterested directors served on the boards of between twenty-two and thirty-eight other funds within the T. Rowe Complex. For their services, these directors received aggregate compensation of either $65,000 or $81,000 for their services on these multiple boards. Plaintiffs alleged that since forty percent of the boards were not disinterested, the advisory agreements could not have been

properly approved as required by Section 15(c). Therefore, the defendant investment advisers breached their fiduciary duty under Section 36(b) by failing to negotiate their advisory agreements at arm's length.

248 F.3d at 325. These allegations are functionally identical to the ones made by Plaintiff in this case.

■■■ The Fourth Circuit first rejected the claim that the defendants violated § 36(b) because the fees they received were excessive. "In order to determine whether a fee is excessive for purposes of Section 36(b), a court must examine the relationship between the fees charged and the services rendered by the investment adviser." *Id.* at 327. Since the plaintiffs failed to allege any "facts pertinent to this relationship between fees and services," the court concluded that dismissal pursuant to 12(b)(6) was appropriate. We adopt the Fourth Circuit rationale, and, applying it to the Amended Complaint before us, conclude that dismissal for failure to state a claim with respect to excessive compensation was appropriate since Plaintiff failed to allege any facts indicating that the fees received were disproportionate to services rendered.

■■■ The Fourth Circuit also rejected the claim that the "independent" directors were "interested" as a result of their participation on multiple boards and receipt of compensation therefrom. Noting that there "is a presumption under the ICA that natural persons are disinterested, *see* 15 U.S.C. § 80a–2(a)(9)," the court concluded that the plaintiff's allegations failed to overcome that presumption. *Id.* at 331. In support of that conclusion, the court pointed out that "neither the ICA nor the SEC proscribes the use of multi-board membership within mutual fund complexes." *Id.* at 330. In fact, as noted, "mem-

bership on the boards of several funds within a mutual fund complex is the prevailing practice in the industry.... Indeed, the SEC has recently reaffirmed its position that 'a director of a fund who is also a director of another fund managed by the same adviser generally would not be viewed as an interested person of the fund under section 2(a)(9) solely as a result of this relationship.'" *Id.* (internal citations omitted). We agree with the Fourth Circuit's *ratio decidendi.* In the Amended Complaint, Plaintiff has failed to allege any facts that, if true, would support a claim that the "independent" directors of the Fund were actually "interested."[2] Notwithstanding Plaintiff's characterization that this imposes on him a "heightened standard" of pleading, we agree with the District Court that the statutory scheme here is such that only by alleging facts that, if proved, would render the directors interested will plaintiff be able to overcome the presumption to the contrary. This he did not do. Accordingly, the District Court acted properly in granting the motion to dismiss.

### III. Denial of Leave to Amend

 Plaintiff also contends that the District Court abused its discretion in denying him leave to amend his Amended Complaint. We review for abuse of discretion. *See Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir.2000) (standard of review for a

District Court's decision to grant or deny a motion to amend the complaint is abuse of discretion). Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may seek leave of the court to amend a pleading and that such leave "shall be freely given when justice so requires." "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir.2000). A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them. *Rolo v. City Investing Co. Liquidating Trust,* 155 F.3d 644, 654 (3d Cir.1998). In this case, the District Court concluded that "plaintiff should not be granted a second leave to amend when [he] was on notice of the complaint's deficiencies and failed to rectify them with his first amendment." *Krantz v. Prudential Investments Fund Management, LLC,* 77 F.Supp.2d 559, 560 (D.N.J.1999). Plaintiff submits that this was an abuse of discretion because he contends that he was not on notice of the deficiencies in his Complaint. We disagree.

Plaintiff claims that he was not "on notice" of the defects in his Complaint because the decision relied upon by the District Court in granting Prudential's 12(b)(6) motion was decided after Plaintiff

---

**2.** The District Court also concluded that Plaintiff lacked standing because he failed to allege damages, as is necessary under Article III's "case or controversy" requirement. *See Rosetti v. Shalala,* 12 F.3d 1216, 1224 (3d Cir.1993) ("the plaintiff must show that he personally has suffered some actual or threatened injury"). This conclusion was necessarily subsumed in the District Court's conclusion that the Amended Complaint failed to state a claim. As the court said, "By definition, a violation of Section 36(b) encompasses excessive payments to the fund's advisers. These

payments belong to the plaintiff via the Fund. As such, damages would be implicit in a properly pleaded Amendment Complaint. However, Plaintiff here has failed to properly plead his Amended Complaint, and, as such, the complaint should be dismissed." *Krantz v. Prudential Investments Fund Management, LLC,* 77 F.Supp.2d 559, 565–66 (D.N.J.1999). Because the District Court's conclusion on standing was based on the failure to state a proper claim, and was not really an independent ground for dismissal, we do not find it necessary to reach the issue on appeal.

filed his Amended Complaint. We find this argument unpersuasive. First, Prudential cited *Olesh v. Dreyfus Corp.*, No. CV–94–1664, 1995 WL 500491 (E.D.N.Y. Aug. 8, 1995) in its original motion to dismiss. *Olesh* held that allegations that the directors served on multiple boards and were well-compensated failed to demonstrate that the directors were controlled and failed to state a claim under § 36(b). *Olesh*, 1995 WL 500491 at *11. Thus, Plaintiff was on notice that his allegations that serving on multiple boards and receiving compensation for such service might not be sufficient to state a claim that the directors were interested and could have made changes in his Complaint before filing his Amended Complaint.

Second, we note that *Migdal*, the case on which we primarily rely in reaching our conclusion, and which was also relied on by the District Court, was decided *before* Plaintiff filed his opposition to Prudential's motion to dismiss the Amended Complaint; *Migdal* was decided on January 20, 1999, and Plaintiff filed his opposition papers on February 26, 1999. Thus, we agree with the District Court that Plaintiff was on notice, prior to filing his Amended Complaint and before responding to the second motion to dismiss, not only of the potential problems with the allegations in his Complaint, but also of the developing case law in this area. As such, the District Court did not abuse its discretion in denying Plaintiff leave to amend his Amended Complaint.

The order of the District Court dismissing Plaintiff's complaint and denying leave to amend will be affirmed.