

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2006

# Durham v. Dept Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4568

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Durham v. Dept Corr" (2006). *2006 Decisions.* Paper 1389.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1389

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-142                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4568
_____

WARREN DURHAM JR.

<u>Appellant,</u>

v.

DEPARTMENT OF CORRECTIONS, MR. THOMAS L. JAMES, INDIVIDUALLY in his capacity as Chief Grievance Coordinator, SUP. DONALD T. VAUGHN, INDIVIDUALLY, in his Capacity as Superintendent of SCI Graterford, LT. WILLIAM MASH, INDIVIDUALLY, in his capacity as Grievance Coordinator for SCI Graterford, JANE DOE IRVIN, INDIVIDUALLY, in her Capacity as Correctional Officer for SCI Graterford, CERT OFFICER NO. 1, INDIVIDUALLY, in his capacity as Correctional Officer for Department of Corrections, CERT OFFICER NO. 2, INDIVIDUALLY, in his capacity as Correctional Officer for Department of Corrections, CERT OFFICER NO. 3, INDIVIDUALLY, in his capacity as Correctional Officer for Department of Corrections
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 03-3803 )
District Judge: Honorable John P. Fullam
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or for Possible
Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
February 24, 2006
Before: BARRY, SMITH AND NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed March 24, 2006)
_____

OPINION
_____

PER CURIAM

Warren Durham, Jr. appeals from two District Court Orders. The first granted Defendants' motion to dismiss as to some of Durham's claims and the second granted summary judgment in favor of the Defendants on Durham's remaining claims. Because the District Court's disposition of these motions clearly was correct, we will summarily affirm.

Durham formerly was in the custody of the Pennsylvania Department of Corrections and was housed at SCI-Graterford when the incidents giving rise to this action occurred. On December 18, 2002, Commonwealth Emergency Response Team ("CERT") officers went into Durham's cell, tore down paintings of Elijah Muhammad and Louis Farrakahn and uttered religious slurs about Islam. After the CERT officers left, Durham spoke to Sergeant Irvin about the incident. Irvin was unwilling to give the names of the individuals involved in the incident. Durham then filed a grievance, which was denied in part because he could not identify the CERT officers who had seized the paintings and because he did not establish a monetary value for the missing paintings.

On June 30, 2003, Durham filed this civil rights action, asserting constitutional and state law claims and requesting compensatory and punitive damages. Upon Defendants' motion, the District Court dismissed with prejudice all claims against the Department of Corrections, as well as the claims against the individual Defendants in their official capacities, based on Eleventh Amendment immunity. The District Court also dismissed Durham's Eighth Amendment and state law claims. After the close of discovery, the

2

District Court granted Defendants' motion for summary judgment on Durham's remaining claims. Durham timely filed his notice of appeal. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

Our review is plenary. See Santiago v. GMAC Mortg. Group, Inc., 417 F.3d 384, 386 (3d Cir. 2005)(motion to dismiss); McGreevey v. Stoup, 413 F.3d 359, 363 (3d Cir. 2005)(motion for summary judgment). In deciding a motion to dismiss, a court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of his claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Saldana v. K Mart Corp., 260 F.3d 228, 232 (3d Cir. 2001); FED. R. CIV. P. 56(c).

The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Eleventh Amendment has long been interpreted to encompass cases involving a suit brought by a citizen against his own state. See Kimel v. Fl. Bd. of Regents, 528 U.S. 62 (2000). Here, the District Court properly determined that the Pennsylvania Department of Corrections is immune from suit pursuant to the Eleventh Amendment. See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274 (1977)(holding that the Eleventh Amendment bars suit in federal court against

3

subordinate state agencies). The Complaint also was properly dismissed pursuant to the Eleventh Amendment as to the individual Defendants to the extent they were sued in their official capacities. See Will v. Mi. Dep't of State Police, 491 U.S. 58, 71 (1989)(stating suit against state official in his official capacity is a suit against the official's office and is no different from a suit against the state itself). We note that the Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. See 42 PA. CONST. STAT. ANN. § 8521(b).

The Eighth Amendment places restraints on prison officials, including the prohibition of cruel or unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment also imposes duties on prison officials, "who must provide humane conditions of confinement" and make sure that prisoners "receive adequate food, clothing, shelter, and medical care and must take reasonable measures to guarantee the safety of inmates." Id. (internal quotation marks and citations omitted). In this case, Durham alleged that he was deprived of his Muhammad and Farrakahn paintings and was subjected to religious slurs. The District Court properly determined that such allegations do not give rise to an Eighth Amendment violation.

The state law claims against the Defendants were properly dismissed on the basis of sovereign immunity. State prison officials are immune from suit for those actions within the scope of their duties, except in instances in which the immunity has been specifically waived. See 1 PA. CONS. STAT. ANN. § 2310. Here, the allegations of Durham's Complaint do not fall under any one of the nine listed categories for which

4

immunity has been waived by the Commonwealth of Pennsylvania.[1] See 42 PA. CONS. STAT. ANN. § 8522(b).

We turn now to the claims for which summary judgment was entered. Durham alleged violations of his Due Process and First Amendment rights. "[A]n unauthorized intentional deprivation of property does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy is available for the loss." See Hudson v. Palmer, 468 U.S. 517, 533 (1984). We have previously found that the Pennsylvania Department of Corrections' grievance procedure provides an adequate post-deprivation remedy. See Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000). Also, Durham noted in his deposition testimony that the paintings that were taken were not central to his religious worship and that their loss did not substantially impact his practice of his religion. See DeHart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000); see also, Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997)(citing Turner v. Safley, 482 U.S. 78, 89 (1987)). Therefore, summary judgment was properly entered on these claims.

To the extent Durham's Complaint may be construed as containing a claim for conspiracy to deprive him of his rights under the First, Eighth or Fourteenth

---

[1] The nine categories for which sovereign immunity will not apply are: (1) vehicle liability; (2) medical professional liability; (3) care custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. See 42 PA. CONS. STAT. ANN. § 8522(b).

Amendments, he has not stated a claim because he has not shown an underlying constitutional injury. See Thompson v. City of Lawrenece, 58 F.3d 1511, 1517 (10th Cir. 1995); Hale v. Townley, 45 F.3d 914, 920 (5th Cir. 1995); cf. Dykes v. Southeastern Pa. Transp. Auth., 68 F.3d 1564, 1570 (3d Cir. 1995)(determining that it was not necessary to reach the issue of conspiracy because plaintiff failed to allege cognizable violation of due process rights).

Finally, in his motion for summary reversal, Appellant asks to resubmit his claim that he was retaliated against for filing this Complaint. In the District Court, Appellant unsuccessfully attempted to amend his Complaint to include this claim. To the extent Appellant is challenging the District Court's denial of his motion to amend, our review is for abuse of discretion, see Krantz v. Prudential Investments Fund Management, LLC, 305 F.3d 140, 144 (3d Cir. 2002), and we find that the District Court did not abuse its discretion.

For the foregoing reasons, we conclude that no substantial question is presented in this appeal. We, therefore, will affirm the District Court's judgment pursuant to I.O.P. 10.6. Appellant's motion for summary reversal is denied.