**The COUNTY OF HUDSON, a corporate and body politic of the State of New Jersey; Thomas A. Degise, in his official capacity as Hudson County Exec-**

---

utive; The Board of Chosen Freeholders of the County of Hudson; and The Hudson County Improvement Authority

v.

Robert C. JANISZEWSKI, individually and in his prior capacity as Hudson County Executive; Gerard A. Lisa, individually and as principal of Lisa & Associates; Lisa & Associates, P.C.; Jay Booth, individually and as principal and/or in his official capacity with Jersey Capital Markets, Inc., Tri–State Capital Corp., M.H. Meyerson & Co., and Red–Horse Securities, LLC; Jersey Capital Markets, Inc.; Tri–State Capital Corp.; M.H. Meyerson & Co.; Crown Financial Group, as successor in interest of M.H. Meyerson & Co.; Red–Horse Securities; Charles Fallon, individually and as principal of Fallon & Fallon, LLP; Fallon & Fallon, LLP; Oscar Sandoval, M.D., individually and as principal of Hudson County Psychiatric Associates and Oscar Sandoval M.D., P.C.; Hudson County Psychiatric Associates; Oscar Sandoval, M.D. P.C.; Nidia Davila–Colon, individually and in her prior official capacity as Hudson County Freeholder; William Braker, individually and in his prior official capacity as Hudson County Freeholder; Western Surety Company, a corporation authorized to conduct business in the state of New Jersey; John Does (1–20) and Jane Does (1–20), fictitious persons; and ABC Corporations (1–10), fictitious business entities

Oscar E. Sandoval; M.D. Oscar Sandoval, M.D., P.C.; Hudson County Psychiatric Associates, Third Party Plaintiffs/Appellants

v.

Donald Scarinci; Robert C. Janiszewski; Richard Myrlak; Geoggrey Perselay; Abraham Antun; Robert Murray; John Doe (1–10), a fictitious designation of one or several persons, Third Party Defendants.

No. 08–1196.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 11, 2009.

Opinion filed: Oct. 22, 2009.

Tomas Espinosa, Esq., Union City, NJ, for The County of Hudson.

Gerard A. Lisa, Hoboken, NJ, pro se.

Patrick D. Healy, Esq., Belford, NJ, for Charles Fallon.

Before: AMBRO, ROTH and ALARCÓN *, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Appellants Oscar Sandoval, M.D., and entities he controls, Hudson County Psychiatric Associates ("HCPA") and Oscar Sandoval M.D., P.C. (collectively "Sando-

* Honorable Arthur L. Alarcón, Senior United States Circuit Judge for the Ninth Circuit Court of Appeals, sitting by designation.

val"), appeal multiple orders of the District Court. We affirm on all claims. What Sandoval appeals is not clearly defined, which has been a principal problem of his submissions throughout this case. *See, e.g.,* Supp.App. at 300 (Magistrate Judge describing Sandoval's "moving papers" as "confusing"). Generally, Sandoval's arguments concern his third-party complaint, counterclaims, and motion for recusal. Though his brief is indecipherable in certain parts, he argues, among other things, that the District Court erred in denying his motion for leave to amend the third-party complaint and dismissing that complaint with prejudice, dismissing his counterclaim and denying his motion for leave to file a second amendment to the counterclaim, and failing to grant his motion for recusal.[1] *See* Sandoval Br. at 1–2.

Because we write for the parties, we will discuss only the most pertinent facts and briefly outline the relevant procedural history that concerns an alleged public corruption RICO scandal involving Sandoval's psychiatric contracts with Hudson County, New Jersey.[2] The initial action was filed by Hudson County, its County Executive and Board of Chosen Freeholders, among others, against Robert C. Janiszewski—individually and in his prior capacity as Hudson County Executive—Western Surety Company, Sandoval, and others. Plaintiffs principally alleged civil violations of RICO and its New Jersey counterpart, among other statutory and common law claims. They also sought a declaratory judgment against Western Surety.

The complaint's allegations against Sandoval were that, from 1995 through 2000, he paid approximately $40,000 in bribes and gratuities to Janiszewski. In exchange, Janiszewski recommended the renewal and extension of Sandoval's County psychiatric contracts. Consequently, Sandoval was awarded over $7 million in County contracts between 1996 and 2001. In response, Sandoval's answer raised a civil federal and New Jersey RICO counterclaim against plaintiffs for retaliation arising out of his cooperation in the federal criminal RICO prosecution.

Sandoval also filed a third-party complaint against Appellee Donald Scarinci (an attorney), Janiszewski, and other Hudson County officials. Similar to his counterclaim, Sandoval alleged civil federal and New Jersey RICO claims stemming from the third-party defendants' purported extortion in exchange for awarding County contracts to Sandoval and subsequent retaliation against him for his participation in the criminal RICO prosecution. The alleged retaliation involved "baseless" Hudson County prosecutor investigations and the failure to renew his County contracts in 2001. Sandoval sought leave to amend his third-party complaint to add a U.S. Senator and another individual as third-party defendants. The District Court dismissed this motion without prejudice due to ongoing settlement discussions.

After settlement discussions failed to dispose of the case, the motion to amend was deemed refiled and plaintiffs and sev-

---

1. We refer only to the District Court for ease of reference, but some of these claims incorporate the Magistrate Judge in this case as well.

2. RICO is the Federal Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, and the New Jersey RICO Act, N.J.S.A. 2C:41–1. The civil RICO claims stem from an underlying federal crimi-

nal prosecution against Robert C. Janiszewski, a former County Executive, and other defendants. Janiszewski pled guilty that, while County Executive, he accepted bribes from the co-defendants and others in exchange for securing service contracts with Hudson County or other favors. Sandoval cooperated with the Government in the criminal investigation.

eral third-party defendants filed briefs opposing it. In September 2007, the District Court determined that the proposed motion was futile under Federal Rules of Civil Procedure 14(a) and 15(a) because the claims against the proposed third-party defendants would not survive a Rule 12(b)(6) motion to dismiss.

In November 2007, the Court issued an order and thorough opinion dismissing with prejudice (i) the federal and New Jersey RICO claims in the Complaint (Counts I through IV) because they were time-barred, (ii) Sandoval's counterclaims, and (iii) Sandoval's third-party complaint. *See County of Hudson v. Janiszewski,* 520 F.Supp.2d 631, 654 (D.N.J.2007). It also denied Sandoval's motion for reconsideration. Thereafter, in December 2007, it denied Sandoval's motion for leave to file a second amended counterclaim because the motion was moot in light of the Court's decision dismissing the counterclaims and the proposed amendments were futile.

Sandoval also filed a motion to recuse presiding District Court Judge Pisano pursuant to 28 U.S.C. § 455(a). The Court denied this motion and denied Sandoval's motion for reconsideration. We denied his subsequent petition for a writ of mandamus.

In January 2008, the Court dismissed the entire action based on a settlement, and *sua sponte* declined to exercise supplemental jurisdiction over any remaining state statutory or common law claims, cross-claims, and counterclaims.

## I.

Our standard of review over the District Court's dismissal under Federal Rule of Civil Procedure 12(b)(6) is plenary. *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996). We review a denial of a motion for leave to amend a complaint or a claim for abuse of discretion. *Krantz v. Prudential Invs. Fund Mgmt. LLC,* 305 F.3d 140, 144 (3d

Cir.2002). Similarly, the District Court's denial of a motion to recuse is reviewed for abuse of discretion. *Securacomm Consulting, Inc. v. Securacom Inc.,* 224 F.3d 273, 278 (3d Cir.2000) (noting that a "judge is required to recuse where his or her impartiality 'might reasonably be questioned' ") (citation omitted).

## II.

In a thorough opinion, the District Court denied Sandoval's motion to amend his third-party complaint because to do so would be futile. *See* Supp.App. at 186–92; *see also County of Hudson v. Janiszewski,* No. 06–319, 2007 WL 2688882, at *1–6 (D.N.J. Sept. 13, 2007). "An amendment is futile if the amended complaint would not survive a motion to dismiss...." *Alvin v. Suzuki,* 227 F.3d 107, 121 (3d Cir.2000). The Court recognized that the motion was governed by Federal Rule of Civil Procedure 15, dealing with amendments of pleadings before trial, and Rule 14, the Rule governing third-party claims. The Court concluded that Sandoval's proposed amendments failed to meet the indemnification or contribution requirements of Rule 14 because the amendments alleged an independent claim, see, *e.g., Fed. Deposit Ins. Corp. v. Bathgate,* 27 F.3d 850, 873 (3d Cir.1994), and there is no right to indemnification or contribution under RICO, see, *e.g., Friedman v. Hartmann,* 787 F.Supp. 411, 415 (S.D.N.Y.1992).

Thereafter, the District Court dismissed Sandoval's third-party complaint. *See Janiszewski,* 520 F.Supp.2d at 654. It determined that Sandoval did not have standing under civil RICO, 18 U.S.C. § 1964(c), because the alleged RICO violations did not proximately cause his injuries. *Janiszewski,* 520 F.Supp.2d at 652–53; *see also* 18 U.S.C. § 1964(c) (stating that a private plaintiff must be "injured in

his business or property by reason of a violation of section 1962 [criminal RICO]"); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) (describing that a RICO plaintiff must be "injured in his business or property by the conduct constituting the violation"). The contract that Sandoval claims was not renewed by the County was a 12-month discretionary public contract, and, according to the District Court, Sandoval's third-party complaint did not demonstrate that the injury was directly related to third-party defendants' alleged racketeering scheme. *Janiszewski*, 520 F.Supp.2d at 652–53. Additionally, the Court concluded that Sandoval's other alleged injury, from the bribe he paid to Janiszewski and Scarinci in exchange for the HCPA contract, could not be an actual injury to Sandoval because he obtained a business benefit in receiving millions from the multi-year contract awards. *Id.* at 653–54.

We agree with the District Court's analysis denying Sandoval's request to amend his third-party complaint and its subsequent dismissal of that complaint. Thus, we conclude there was no error here.

### III.

The District Court noted that Sandoval did not oppose the Federal Rule of Civil Procedure 12(b)(6) motion to dismiss his retaliation counterclaim, which fell under 42 U.S.C. § 1983. *Janiszewski*, 520 F.Supp.2d at 649. Nevertheless, it determined that the part of his First Amendment retaliation claim accrued in 2001, when the County refused to renew Sandoval's contract, yet the counterclaim was filed in 2006, more than four years after the first alleged instance of retaliation. *Id.* at 650. This time frame is well beyond § 1983's two-year statute of limitations, and Sandoval's arguments for tolling are unpersuasive. *See O'Connor v. Newark*, 440 F.3d 125, 126–27 (3d Cir.2006). Accordingly, dismissal of the counterclaim as

barred by the statute of limitations was not in error.

■■■ The second alleged retaliatory act was plaintiffs' filing of the complaint in this action in 2006. Sandoval's claim was not time-barred, but, according to the District Court, it failed to raise a necessary inference in the pleading that there was "a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir.2006). The Court concluded that "[m]ere unsupported conclusions and unwarranted inferences that Plaintiffs filed their civil RICO claims ... in retaliation for [Sandoval's] role in the investigation [are] insufficient to withstand a motion to dismiss." *Janiszewski*, 520 F.Supp.2d at 650–51 (internal quotations and citations omitted).

We are not sure whether Sandoval is appealing this ruling, but nevertheless we address it. Though we "must accept all factual allegations in [the] complaint[, or in this case, the counterclaim,] as true, [ ] we are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir.2007) (internal quotations and citations omitted). We agree with the District Court and see nothing in Sandoval's counterclaim beyond a general conclusory allegation of retaliation that would raise the required inference of a "causal link between" Sandoval's exercise of his First Amendment rights (*i.e.*, cooperation with the criminal RICO investigation) and the retaliatory act (*i.e.*, filing of the civil RICO Complaint against Sandoval). In this context, the counterclaim would not survive a Rule 12(b)(6) motion. *See Thomas*, 463 F.3d at 296; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2008) (noting that "[f]actual allegations

must be enough to raise a right of relief above the speculative level"). We also conclude, for the reasons set forth in the Magistrate Judge's December 2007 order, that the denial of Sandoval's motion to file a second amended counterclaim on grounds of mootness and futility was not in error.

## IV.

Sandoval's motion to recuse District Judge Pisano accused the Judge of bias because of his previous affiliation with the law firm representing plaintiffs and his presiding over Janiszewski's criminal trial. The District Court denied this motion. In noting that the legal standard for deciding whether to grant the motion to recuse lies within the trial judge's discretion, *see United States v. Wilensky*, 757 F.2d 594, 599–600 (3d Cir.1985), the Court concluded that an affiliation with plaintiffs' law firm 15 years prior to this case was an insufficient ground for recusal. *See, e.g., Martin v. Monumental Life Ins. Co.*, 240 F.3d 223, 226 (3d Cir.2001). The Court also concluded that the disclosure of Sandoval's name at Janiszewski's guilty plea colloquy was not improper or a violation of any agreement. We have no evidence that the District Court abused its discretion in denying the motion for recusal, and thus its denial cannot be overturned.

\* \* \* \* \* \*

For the reasons stated above, we affirm.[3]

---

3. All other claims are unpersuasive and do not merit further discussion.