**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4054
No. 13-4696
_____

KEISHA BOYD;
CHANDAR MCDANIELS;
AME'CHERIE CANNON,

                              Appellants

v.

NEW JERSEY DEPARTMENT OF CORRECTIONS;
GARY LANIGAN, In Official Capacity and Individually;
PAUL LAGANA, In Official Capacity and Individually;
DARRON DAYE, In Official Capacity and Individually;
MAYOR MARVIN BLEVINS, In Official Capacity and Individually;
MAYOR GREGORY PAUL, In Official Capacity and Individually;
LT. EDWIN RODRIGUEZ, In Official Capacity and Individually;
LT. DARRYL MORGAN, In Official Capacity and Individually;
LT DARRYL COBURN, In Official Capacity and Individually;
LT. ASMAR GRAHAM, In Official Capacity and Individually;
LT MITCHELL DOUGLAS, In Official Capacity and Individually;
JOHN DOES 1-20; JANE DOES 1-20;
ABC CORPORATIONS A THROUGH Z
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 12-cv-06612)
District Judge: Honorable Dickinson R. Debevoise
_____

Submitted Under Third Circuit LAR 34.1(a)
September 11, 2014

Before: FISHER, JORDAN and HARDIMAN, *Circuit Judges.*

_____

OPINION
_____

HARDIMAN, *Circuit Judge*.

Keisha Boyd, Chandar McDaniels, and Ame'Cherie Cannon (Plaintiffs) appeal an order of the United States District Court for the District of New Jersey dismissing their amended complaint for failure to state a claim. They also appeal an order in which Boyd obtained a default judgment. For the reasons that follow, we will affirm both orders.

I

Because we write primarily for the parties, who are well acquainted with the case, we recite only the facts and procedural history essential to our decision.

Plaintiffs filed a lawsuit in state court against their employer, the New Jersey Department of Corrections (DOC), and former co-workers[1] to recover damages for alleged sexual harassment and discrimination on the basis of race, gender, and military status. Defendants removed the complaint to the District Court. The District Court dismissed the complaint without prejudice, noting it "fail[ed] to satisfy the federal pleading standards in virtually every conceivable way." App. at 53. Although there were "far too many deficiencies in the Complaint to list," the District Court identified five

2

specific errors for Plaintiffs to correct in an amended complaint. Plaintiffs did file an

amended complaint, but the District Court determined that it cured only one of the five

deficiencies: "[A]s with the initial Complaint, the Amended Complaint [was] a scattershot

of allegations that are, in the aggregate, virtually inscrutable." App. at 116. For that

reason, the District Court dismissed the amended complaint as well, this time with

prejudice. Upon Boyd's motion, the District Court amended its dismissal to preserve a

default judgment that Boyd had obtained against Darron Daye, one of the individual

Defendants.

Appellants filed this timely appeal.[2]

II

We exercise plenary review over dismissals for failure to state a claim. *Gelman v.*

*State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009). In so doing, we accept

as true all factual allegations in the complaint and view them in the light most favorable

to the nonmoving party. *Yarris v. Cnty. of Del.*, 465 F.3d 129, 132 n.1 (3d Cir. 2006). The

abuse of discretion standard of review governs both dismissals pursuant to Rule 8 and

---

[1] The individual Defendants were Gary Lanigan, Paul K. Lagana, Darron Daye, Marvin Blevins, Gregory Paul, Mitchell A. Douglas, Edwin Rodriguez, Darryl A. Morgan, Darryl Coburn, and Asmar Graham.

[2] The District Court had jurisdiction under 28 U.S.C. § 1331 and exercised supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. For that reason, it was not required to remand Plaintiffs' claims to state court, as Plaintiffs argue. *See Pryzbowski v. U.S. Health, Inc.*, 245 F.3d 266, 276 (3d Cir. 2001) (noting that remand of state law claims to state court "was certainly an option for the District Court but not one that it was obliged to take"). We have jurisdiction under 28 U.S.C. § 1291.

denials of leave to amend a complaint. *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996).

## III

Plaintiffs first challenge the dismissal of their amended complaint.[3] Based on our independent review, we agree with the District Court that it still "lack[s] in coherence and logical organization, in violation of Rule 8(a)." App. at 116. It neither pleads specific facts for each Defendant's liability on each claim nor does it "point to the specific legal provisions giving rise to each . . . claim[]." *Id.* And though critical, the District Court was quite correct in noting that the amended complaint "remains brimming with vague, redundant, and conclusory allegations that cannot support one or more claims for relief." *Id.* For these reasons, we will affirm the District Court's order dismissing the amended complaint.[4]

---

[3] Plaintiffs also argue that the District Court misapplied the law in relying on a plausibility standard, saying no such standard exists after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To the contrary, we have recognized that the "plausibility standard is an interpretation of the Federal Rule of Civil Procedure 8" and is the "threshold requirement . . . to show that the pleader is entitled to relief." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 320 (3d Cir. 2010) (internal quotation deleted) (alteration deleted).

[4] We need not address Plaintiffs' argument that the District Court erroneously dismissed their complaint under Rule 12(f), because it did no such thing. Although Defendants filed a Rule 12(f) motion to strike, the District Court treated Defendants' motion to strike as a motion to dismiss.

Plaintiffs next argue that the District Court abused its discretion in failing to give them a second opportunity to amend. We disagree. In dismissing Plaintiffs' initial complaint, the District Court identified five deficiencies that Plaintiffs had to cure in their amended complaint. Because Plaintiffs addressed only one of the five errors, the District Court reasonably presumed a second opportunity to amend would prove futile. We perceive no error in this determination.

Lastly, Plaintiffs challenge the default judgment Boyd obtained against Defendant Darron Daye. Boyd argues that the DOC should be liable under a theory of *respondeat superior* for Daye's default judgment. She contends that an employer is subject to liability for torts committed by employees acting within the scope of their employment, but she cites no authority for the separate proposition that an employer is liable for a default judgment against an employee. Furthermore, Boyd has not demonstrated that she preserved this issue in the District Court. Her filings in pursuance of the default judgment against Daye make no mention of the DOC.[5] We will affirm the District Court's order on the default judgment.

\* \* \*

For the reasons stated, we will affirm both orders of the District Court.

---

[5] Separately, Boyd's co-Plaintiffs, McDaniels and Cannon, claim entitlement to a default judgment against Daye as well, and Boyd contends the District Court's damage award of $10,000 was insufficient. Because Plaintiffs have failed to identify either a factual error by the District Court or any legal authority for their arguments, we disagree.