NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3501
_____

ANTHONY B. QUINN,
                                    Appellant
v.

POLICE OFFICER BADOLATO, OF SPRINGFIELD TOWNSHIP;
JOHN DOE POLICE OFFICER 1, OF SPRINGFIELD TOWNSHIP POLICE;
JOHN DOE POLICE OFFICER 2, OF SPRINGFIELD TOWNSHIP POLICE;
SPRINGFIELD TOWING & RECOVERY, LLC;
JORDAN LOVITZ, OF SPRINGFIELD TOWING & RECOVERY
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 2-16-cv-00591)
District Judge: Honorable Nitza I. Quiñones Alejandro
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 5, 2017
_____

Before: CHAGARES, GREENAWAY, JR., and VANASKIE, *Circuit Judges*.

(Filed: September 26, 2017)
_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Anthony Quinn appeals from the District Court's dismissal of his substantive due process claim against multiple defendants—Officer Sean Badolato, two John Doe officers, Springfield Towing & Recovery, LLC ("Springfield Towing"), and Jordan Lovitz (collectively the "Defendants")—for plowing a mound of ice and snow onto the entrance of his driveway. Because Quinn failed to allege facts to show that his harm was a foreseeable and fairly direct consequence of the Defendants' actions and that the Defendants' actions "shocked the conscience," we will affirm.

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

A. **Factual Background**

Quinn is a resident of Wyndmoor in Springfield Township in Montgomery County, Pennsylvania. Officer Badolato and the two John Doe officers ("Defendant Police Officers") are officers in Springfield Township. Springfield Towing is a Pennsylvania towing and recovery corporation contracted for automobile towing in Springfield Township. Lovitz is the owner of Springfield Towing and an acquaintance of Quinn's neighbor.

Winter came for Springfield Township prior to the events alleged in Quinn's complaint. On the night of February 15, 2014, Lovitz knocked on the door of Quinn's residence and swore at him.[1] Quinn then called 911 but soon realized that Defendant

---

[1] Quinn's complaint provides background to an ongoing dispute that he has had with his neighbor. The details of this dispute are not material to our analysis.

Police Officers were already in front of his house. Quinn watched Defendant Police Officers supervise Springfield Towing and Lovitz as they plowed a mound of snow and ice from the street onto the entrance of his driveway.

Quinn complained to Defendant Police Officers and requested that they remove the mound because it was dangerous and limited ingress to and egress from his property. One of the John Doe officers turned to Quinn, smirked, and replied "it ain't happening." App. 155 ¶ 11. The Defendants left without moving the mound.

Very cold temperatures caused the mound to freeze and solidify overnight. The next day, Quinn fell and broke his wrist while attempting to remove the mound. Two days later, Quinn fell a second time while attempting to scale the mound on his way to work. Quinn was in a cast for six weeks, limiting his ability to work. As a result, he underwent two courses of physical therapy for his wrist and arm.

## B. Procedural History

Quinn filed the instant action pursuant to 42 U.S.C. § 1983 in federal district court alleging three claims based on the following theories: (1) a violation of substantive due process rights based on a "state-created danger" theory; (2) conspiracy to deprive Quinn of his substantive due process rights; and (3) common-law negligence. Quinn brought the first two claims against all Defendants, and the third claim against Lovitz and Springfield Towing. All Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court granted the motions with respect to the federal claims, denied Quinn leave to amend because amendment would be futile, and

3

declined to exercise supplemental jurisdiction over the state law claims. This timely appeal followed.

## II.     JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

Our review of a district court's order granting a motion to dismiss pursuant to Rule 12(b)(6) is plenary. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 n.2 (3d Cir. 2016). "We are required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Id.* (internal quotation marks omitted). However, "we disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Id.*

We review a district court's decision to deny a plaintiff leave to amend the complaint for abuse of discretion. *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002).

## III.    ANALYSIS

Quinn argues that the District Court erred in holding that Defendants did not violate Quinn's substantive due process rights when Defendants created a state-created

4

danger. He also argues that the District Court's dismissal of his complaint without granting leave to amend was improper.[2] Both arguments are meritless.

### A. Quinn Failed to State a Claim under § 1983

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a person acting under color of state law engaged in conduct that violated a right protected by the Constitution or laws of the United States." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013). As such, we will "identify the exact contours of the underlying right said to have been violated" and "determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (en banc) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

Quinn alleges that Defendants violated his substantive due process rights by creating a "state-created danger" when they plowed a mound of snow and ice onto the entrance driveway. "Generally, the Due Process Clause does not impose an affirmative duty upon the state to protect citizens from the acts of private individuals," but our Court recognizes an exception to this rule—the state-created danger theory—"where the state act[ed] to *create* or *enhance* a danger that deprives the plaintiff of his or her Fourteenth Amendment right to substantive due process." *Sanford v. Stiles*, 456 F.3d 298, 303–04

---

[2] We note that Quinn does not raise any opposition to the District Court's holding on the second claim—that Defendants conspired to deprive him of substantive due process rights, in violation of 42 U.S.C. § 1985(3)—thus, this claim is waived. *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

(3d Cir. 2006) (emphasis in original).  A plaintiff asserting a claim under the state-created

danger theory must prove four elements:

> (1) the harm ultimately caused was foreseeable and fairly direct;
>
> (2) a state actor acted with a degree of culpability that shocks the conscience;
>
> (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
>
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006) (footnotes omitted)

(internal quotation marks omitted).

We find, as the District Court did, that Quinn fails to sufficiently plead a state-

created danger claim against all Defendants based on the first two elements.[3]

### 1.    Quinn's Injury Was Neither Foreseeable nor Fairly Direct

A plaintiff's factual allegations must plausibly show that the harm he suffered was

a "foreseeable *and* fairly direct" consequence of a defendant's actions.  To satisfy the

"foreseeable" prong, the plaintiff must "allege an awareness on the part of the state actors

that rises to level of actual knowledge or an awareness of risk that is sufficiently concrete

---

[3] Quinn also opposes, and Officer Badolato defends, the District Court's finding that Quinn failed to sufficiently plead the fourth element because Badolato affirmatively used his authority in a way that created a danger to Quinn or rendered Quinn more vulnerable to danger than had Badolato not acted at all.  Given that Quinn failed to establish the first two elements, we find it unnecessary to address the fourth element.

6

to put the actors on notice of the harm." *Phillips v. County of Allegheny*, 515 F.3d 224, 238 (3d Cir. 2008). To satisfy the "fairly direct" prong, "the plaintiff must plausibly allege that state officials' actions precipitated or were the catalyst for the harm for which the plaintiff brings suit." *Henry v. City of Erie*, 728 F.3d 275, 285 (3d Cir. 2013) (citation omitted) (internal quotation marks omitted). The plaintiff fails to satisfy this prong if the "[d]efendants' actions were separated from the ultimate harm by a lengthy period of time and intervening forces and actions." *Id.* In other words, alleging that a state actor's actions "set into motion a chain of events that result[ed] in harm" is insufficient. *Id.* at 283.

Quinn alleges that "[i]t was obvious" that the mound would freeze and he would need access to his driveway and property. App. 157 ¶ 23. This fact is of no significance because to plead foreseeability, Quinn would have to plead facts demonstrating that *breaking his wrist* was a foreseeable consequence of Defendants' actions. Quinn does not allege facts demonstrating that Defendants were on notice of the relevant harm—that Quinn would break his wrist while trying to move the mound. Furthermore, Quinn ignores the multiple intervening events independent of Defendants' actions: freezing temperatures causing the mound of snow and ice to solidify; Quinn deciding to remove the frozen mound despite his awareness of the icy conditions; and Quinn's falling. These intervening events sever any connection between Defendants' purported actions and Quinn's broken wrist. Thus, Quinn failed to sufficiently plead facts to establish that his injury was "foreseeable and fairly direct."

7

## 2. Defendants' Conduct Does not Shock the Conscience

We next determine whether the Defendants acted with a degree of culpability that shocks the conscience. "The exact degree of wrongfulness necessary to reach the 'conscience-shocking' level depends upon the circumstances of a particular case." *Miller v. City of Philadelphia*, 174 F.3d 368, 375 (3d Cir. 1999). Courts employ one of three standards, based on the time state actors have to deliberate: (1) intent to cause harm; (2) conscious disregard of a great risk of serious harm; or (3) deliberate indifference. *See Sanford*, 456 F.3d at 309–10. We will assume for argument's sake that the appropriate standard is deliberate indifference, the easiest standard for a plaintiff to meet.

"We have defined deliberate indifference as requiring a conscious disregard of a substantial risk of serious harm." *L.R. v. Sch. Dist. of Philadelphia*, 836 F.3d 235, 246 (3d Cir. 2016) (internal quotation marks omitted). In the absence of actual knowledge, "deliberate indifference might exist . . . when the risk is so obvious that is should be known." *Phillips*, 515 F.3d at 241. "In any event, mere negligence is not enough to shock the conscience." *Vargas v. City of Philadelphia*, 783 F.3d 962, 974 (3d Cir. 2015) (alteration omitted) (internal quotation marks omitted).

Quinn's complaint lacks any factual allegations that plausibly show that Defendants were deliberately indifferent. Recall that Springfield Towing and Lovitz plowed snow into the entrance of Quinn's driveway, while Defendant Police Officers "supervised". It cannot be said that the risk of harm in leaving a mound of snow and ice in front of a person's property is "so obvious" as to rise to the level of deliberate

8

indifference. We also observe that the alleged conduct falls well short of the more egregious conduct in other state-created danger cases. *See Sanford*, 456 F.3d at 311 (holding that a school guidance counselor's conduct did not shock the conscience under the deliberate indifference standard where the counselor received a note from a student discussing suicide, and the student committed suicide one week later); *Nicini*, 212 F.3d at 812 (holding that a social worker's conduct did not shock the conscience under the deliberate indifference standard where the social worker failed to properly investigate members of a potential foster family, and the father of the potential foster family sexually abused the plaintiff). At most, Quinn's complaint alleges negligence. Thus, Quinn failed to sufficiently plead facts to establish that Defendants' conduct was conscience-shocking.

**B.    Leave to Amend**

Finally, we consider whether the District Court appropriately dismissed Quinn's complaint without leave to amend. "[A] district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236. The District Court denied Quinn's request for leave to amend because the Court could not "foresee any additional facts that could save [Quinn's] claims." *Quinn v. Badolato*, No. CV 16-0591, 2016 WL 4107701, at *9 (E.D. Pa. July 29, 2016). Given the record, it was reasonable for the District Court to conclude that additional facts would not cure Quinn's complaint. Thus, the District Court acted within its discretion denying leave to amend.

**IV.    CONCLUSION**

For these reasons, we will affirm the District Court's judgment.