DLD-162                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1428
_____

AJANI POSEY,
                              Appellant

v.

SCOTT KLINEFELTER; BRITTANY SCHILIRO; SEAN BRESNAHAN; DARREN
GINTER; JOHN DOE #1; LIEUTENANT K. SHICK; CAPT. R. MOONEY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:23-cv-00190)
District Judge:  Honorable Nora B. Fischer
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 12, 2025
Before:  RESTREPO, FREEMAN, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed  July 15, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Ajani Posey appeals from an order of the District Court dismissing the second amended civil rights complaint for failure to state a claim. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I

In October 2023, Posey, proceeding in forma pauperis, filed a pro se civil rights complaint which alleged that defendants Scott Klinefelter, the warden of State Correctional Institution – Houtzdale, and Dr. Laurel Harry, the Pennsylvania Secretary of the Department of Corrections, had violated Posey's Fifth and Eighth Amendment rights by allowing Posey to be housed with a hostile inmate, and by allowing Posey's placement on suicide watch during a hunger strike. The complaint also alleged a Fifth Amendment claim related to the alleged destruction of Posey's television. The complaint sought both declaratory and injunctive relief, as well as damages, under 42 U.S.C. § 1983. The District Court referred the matter to a Magistrate Judge, who produced a Report and Recommendation ("R&R") which recommended dismissing Posey's complaint with leave to amend, because, among other reasons, Posey had not pled facts sufficient to implicate either of the named defendants.

In response, Posey filed an amended complaint. The Magistrate Judge determined that the amended complaint generally failed to state a claim, which the exception of an Eighth Amendment claim against Defendant Ginter for assigning Posey the dangerous cellmate, which the Magistrate Judge determined was sufficient to survive screening.

Posey's objections, however, disputed the second R&R's construction of this claim, and alleged that defendant Mooney, who had been named as a John Doe, was responsible for Posey's cell assignment. Based on these assertions, the District Court dismissed Posey's first amended complaint, but permitted Posey another opportunity to replead claims related to the assault.

Posey then filed a second amended complaint, which, for the first time, alleged that defendant Shick was responsible for Posey's housing assignment. Defendant Mooney's involvement was limited to investigating Posey's assault and concluding that the attack was staged. Finally, defendant Klinefelter was alleged to have ordered Posey to return to the unsafe housing assignment. Once more, the Magistrate Judge screened the complaint, and this time determined that Posey had not asserted any facts that would indicate that Shick or Klinefelter were aware of the risk to Posey, and that Mooney's after-the-fact involvement was, on its own, insufficient to create any liability. Over Posey's objections, the District Court adopted the R&R and dismissed the complaint without further leave to amend.[1] Posey then appealed.

## II

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). We review denial of leave to amend for an

---

[1] In denying leave to amend, the District Court emphasized that Posey's multiple prior amendments indicated that allowing a third opportunity to amend would be futile.

abuse of discretion, but consider whether amendment would be futile de novo. U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). Dismissal for failure to state a claim is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). If a complaint fails to state a claim, leave to amend should be granted unless doing so would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

III

On appeal, Posey argues that the second amended complaint was sufficient under the Federal Rules. We disagree.[2]

Posey's Eighth Amendment claims fail for substantially the same reasons as provided in the Magistrate Judge's reports and recommendations. Posey's allegations stemming from being placed on suicide watch fail to state a claim because the step was undertaken to protect Posey, who then was on an extended hunger strike. Cf. Palakovic v. Wetzel, 854 F.3d 209, 230 (3d Cir. 2017). The claims against Shick and Klinefelter based on Posey's housing assignment fail, because nothing contained in the operative second

---

[2] As a preliminary matter, we agree with the District Court's dismissal of Posey's Fifth Amendment claim related to the loss of Posey's television, because Posey had access to an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984).

4

amended complaint indicates that either was aware of the threat this particular cellmate posed to Posey's safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012). Similarly, Posey's claim that Mooney exhibited a "reckless disregard for civil rights" by concluding that the attack on Posey was staged fails, because mere involvement in an after-the-fact investigation, on its own, does not implicate Mooney in any underlying constitutional violations.  See Dooley, 957 F.3d at 374.

Finally, the District Court did not abuse its discretion by denying Posey further leave to amend. "A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." Krantz v. Prudential Invs. Fund Mgmt. LLC, 305 F.3d 140, 144 (3d Cir. 2002) (per curiam). The District Court's orders and the Magistrate Judge's reports and recommendations all informed Posey as to the ways in which the complaints were deficient and provided multiple opportunities to amend, and yet Posey repeatedly failed to do so. Id.; see also Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (holding that a district court did not abuse its discretion when it denied leave to amend after providing two prior opportunities for amendment).

Based on the foregoing, Posey's appeal does not present a substantial question, and the District Court's order dismissing the complaint will be summarily affirmed.