BLD-223                                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1193
_____

KENNETH WALDEN;
SHARON WALDEN,

Appellants

v.

ALLSTATE INSURANCE COMPANY

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 09-00040)
District Judge: Honorable Gregory M. Sleet

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 17, 2010

Before: RENDELL, CHAGARES and VANASKIE, Circuit Judges

(filed: July 26, 2010 )
_____

OPINION
_____

PER CURIAM

Kenneth and Sharon Walden believe they suffered injuries as a result of living in a

moldy rental unit owned by Robert and Lucille Prato.  The Waldens filed a claim with the

Pratos' home insurer, Allstate Insurance Company ("Allstate"). When Allstate denied their claim, the Waldens sued both Allstate and the Pratos in state court. After failing to obtain relief in state court, the Waldens filed a complaint in federal court alleging that Allstate had illegally denied their claim on account of their race. Allstate moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Waldens then moved to amend their complaint. By order entered November 9, 2009, the District Court granted Allstate's motion, denied the Walden's motion to amend, and dismissed the complaint. The Waldens appealed.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the District Court's grant of a Rule 12(b)(6) motion. See Lora-Pena v. F.B.I., 529 F.3d 503, 505 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (complainant must "provide the grounds of his entitlement to relief [with] more than labels and conclusions . . .."). We review for abuse of discretion the District Court's denial of a motion for leave

---

[1] Although the Waldens did not file their notice of appeal within 30 days of the District Court's order, as required by Fed. R. App. P. 4(a)(1)(A), the court's order was not set out in a separate document in accordance with Fed. R. Civ. P. 58(a). See In re Cendant Corp. Sec. Litig., 454 F.3d 235, 243 (3d Cir. 2006) (holding that an order containing extensive factual background does not satisfy the separate document rule). As a consequence, the Waldens' appeal is timely. See Fed. R. App. P. 4(a)(7)(A)(ii); Fed. R. Civ. P. 58(c)(2)(B).

to amend the complaint.  See Krantz v. Prudential Inv. Fund Mgmt., 305 F.3d 140, 144 (3d Cir. 2002).

In their written submission on appeal, the Waldens do not appear to contest the District Court's rulings.  In any event, after review of the record we conclude that the District Court's decision must be affirmed; the Waldens' complaint offers nothing beyond bald assertions and unsupported conclusions.  Strikingly, although the complaint alleges racial discrimination by Allstate employees, it does not indicate the race of any persons involved in the suit, including the Waldens.  The complaint merely states that the Waldens "cannot get their personal injuries claims [sic] because of [their] race and we have [proof]."  No facts that could be suggestive of such "proof" are offered.  And though doing so would not, by itself, be sufficient to survive a Rule 12(b)(6) motion, the Waldens do not even set forth "a formulaic recitation of the elements of [their] cause of action." Twombly, 550 U.S. at 555.  Accordingly, the District Court did not err in granting Allstate's motion to dismiss.

We also conclude that the District Court did not abuse its discretion in denying the Waldens' motion to amend.  As the District Court stated in its order, "the Walden's have unsuccessfully attempted to sue Allstate on these same personal injury claims twice in Delaware state court."  Given that the Waldens face an obvious preclusion problem, allowing them to amend their complaint would have been an act of futility.

There being no substantial question presented by the Waldens' appeal, we will

3

summarily affirm the judgment of the District Court. <u>See</u> LAR 27.4; I.O.P. 10.6.