NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4597
_____

JOSEPH L. OLLIE,
Appellant

v.

TPR. JAMES G. BROWN, in his official and individual capacities; TPR. SGT. MARK NOCE, in his official and individual capacities; TPR. DAVID VINKLER, in his official and individual capacities; TPR. TERRANCE DAWDY, in his official and individual capacities; TPR. KIRK R. FORSYTHE, in his official and individual capacities; TPR. GARY GARMAN, in his official and individual capacities; TPR. RICHARD P. PODBIELSKI, in his official and individual capacities; TPR. M.A. WARGO, in his official and individual capacities; TPR. LT. MICHAEL F. PRESNAR, in his official and individual capacities; TPR. CPL. LON E. PIERCE, in his official and individual capacities; TPR. SEAN PIERCE, in his official and individual capacities; JOHN DOE, Police Commissioner of City of Erie, Pennsylvania, in his official and individual capacities; TPR. PETER HARVEY, in his official and individual capacities; CITY OF ERIE, PENNSYLVANIA NORTH EAST TOWNSHIP POLICE BUREAU; STEPHANIE CARNEIWSKI, as a private party sued for conspiring with government officials to violate federal rights; EUGENE HART, as a private party sued for conspiring with government officials to violate federal rights

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-00067)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

May 1, 2014

Before: JORDAN, COWEN and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 2, 2014)
_____

OPINION
_____

PER CURIAM

Joseph L. Ollie appeals pro se from the District Court's order dismissing his fifth

amended complaint. We will affirm.

I.

In March 2012, Ollie filed a civil rights complaint in the District Court pursuant to

42 U.S.C. § 1983. He subsequently amended the complaint four times, resulting in a

Fifth Amended Complaint (hereinafter "the complaint") that became the operative

complaint. The facts underlying his complaint stem from an incident that occurred in

November 2011, in which a van he was driving was pulled over on suspicion of having

been involved in a burglary. He was consequently arrested, and the police obtained a

warrant to search his van. Based on the evidence gathered in the van and elsewhere,

Ollie was eventually convicted of possession of a firearm by a convicted felon,

possession of a firearm while subject to a domestic abuse restraining order, and

possession of a stolen firearm.[1] He is currently awaiting sentencing.

_____

[1] As of the date of the District Court's order dismissing Ollie's complaint, he was still
awaiting trial on these charges.

2

In the complaint, Ollie alleged that a number of state police troopers, the North East Township Police Bureau, the Erie Pennsylvania Police Commissioner, and two private citizens caused his false arrest and imprisonment as well as the confiscation of his personal property. In particular, he asserted the following 11 claims: (1) unreasonable search and seizure; (2) unlawful strip search; (3) conspiracy; (4) refusal and neglect to prevent the malicious harassment, arrest, imprisonment, and conspiracy; (5) malicious prosecution; (6) false arrest and imprisonment; (7) victim-witness false information; (8) unlawful detention and confinement; (9) intentional infliction of emotional distress; (10) negligence; and (11) negligent infliction of emotional distress. Ollie sought compensatory and punitive damages, as well as "such other relief deemed to be just and equitable."

On the police defendants' motion to dismiss, the Magistrate Judge determined that Ollie's arrest, prosecution, and search, as well as the seizure of his property, were supported by probable cause and that Ollie had therefore failed to state claims for unreasonable search and seizure and false arrest. She also determined that Ollie had not alleged that any of the defendants had personally conducted the strip search, and that they could not be held liable for the strip search under § 1983. She next determined that Ollie failed to state a claim for conspiracy and "victim-witness false information," as he had not presented any facts showing an agreement or concerted action between any of the police and/or the victims. Insofar as Ollie sought to sue the City of Erie as a municipal defendant, she determined that the City of Erie "is not a subdivision of the State and does

3

not control the Pennsylvania State Troopers" and that, in any event, Ollie had not alleged the existence of any policy or custom to support a claim of municipal liability under § 1983. Next, she determined that Ollie had not stated a prima facie case of malicious prosecution, as the underlying criminal proceeding had not yet ended. Finally, the Magistrate Judge recommended that the District Court decline to exercise supplemental jurisdiction over Ollie's state law claims and that it dismiss pursuant to 28 U.S.C. § 1915(e) Ollie's claims against Defendants Eugene Hart and Stephanie Carniewski, as they were not state actors, as well as Ollie's claims against the City of Erie, as it did not have authority or control over the Pennsylvania State Troopers. Over Ollie's objections, the District Court granted the police defendants' motion to dismiss, dismissed the claims against Hart, Carniewski, and the City of Erie pursuant to § 1915(e), and denied Ollie's motion for leave to file an amended complaint. Ollie timely appeals.

## II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Ollie's amended complaint. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). We review for abuse of discretion the District Court's decision to deny Ollie's motion for leave to amend his complaint. Krantz v. Prudential Inv. Fund Mgt. LLC, 305 F.3d 140, 144 (3d Cir. 2002). To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A federal court may properly dismiss an action sua sponte under the screening provisions of § 1915(e)(2)(B) if "the

4

action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013) (internal quotation marks omitted). The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In conducting our review, we liberally construe Ollie's pro se filings. See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

III.

We need not address the extent to which the claims in Ollie's complaint were properly before the District Court in a § 1983 action, see Heck v. Humphrey, 512 U.S. 477, 484-87 (1994); see also, e.g., Hernandez-Cuevas v. Taylor, 723 F.3d 91, 99-100 (1st Cir. 2013), because we agree with the Appellees that even if they were, they are meritless.[2] In Heck, the United States Supreme Court held that a Section 1983 suit should be dismissed when a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that

---

[2] Ollie raised only two claims in his briefing to us: (1) whether the state police troopers had probable cause to arrest, search, and imprison him; and (2) whether the District Court abused its discretion in denying his motion for leave to amend. He has waived any challenge to the District Court's resolution of his other claims. See United States v. Pelullo, 399 F.3d 197, 201 n.2 (3d Cir. 2005) (stating that where "an appellant fails to raise an issue in an appellate brief, even if it was listed in the Notice of Appeal, it is deemed waived"). In an abundance of caution, however, we note that Ollie's other

5

the conviction or sentence has already been invalidated." 512 U.S. at 487; accord Long

v. Atl. City Police Dep't, 670 F.3d 436, 447 (3d Cir. 2012). Here, the complaint seeks

the sort of relief that is plainly barred by Heck because he sought § 1983 relief that would

necessarily imply the invalidity of his conviction in the pending criminal action, but he

had not demonstrated that his conviction has already been invalidated. See Long, 670

F.3d at 447; Hinton v. White, No. 10-3902, 2012 WL 6089476, at *3 (D.N.J. Dec. 6

2012) (denying claim for § 1983 relief under the Fourth Amendment, as barred by Heck).

Ollie first argues that the District Court incorrectly determined that the police had

probable cause to search and arrest him. The existence of probable cause is determined

by looking at the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 238

(1983). Probable cause does not require that the prosecution have sufficient evidence to

prove guilt beyond a reasonable doubt. United States v. Miknevich, 638 F.3d 178, 182

(3d Cir. 2011). Rather, "probable cause requires only a probability or substantial chance

of criminal activity, not an actual showing of such activity." Id. at 185. Here, Hart

witnessed two people enter into his home and then leave in a white van. He then

followed the white van until he saw a state police trooper and pulled over to tell the

trooper what had happened. At that time, he described the vehicle and provided the

license plate number. Simultaneously, Carniewski, who had been in the home at the time

of the burglary, called the police dispatcher and provided a description of the people who

---

claims lack merit for substantially the reasons stated in the Magistrate Judge's report and
recommendation and in the District Court's memorandum order.

6

had broken into her home. Based on the information provided by Carniewski and Hart, the state police located a van that matched the description in the vicinity of the crime. They arrested Ollie, who was the owner and driver of the van, and his passenger. The following day, after charges had been filed against Ollie, the police obtained a warrant to search Ollie's van, in which they found additional evidence connecting Ollie to the scene of the burglary. Given that the police officers had a description of both the van and the burglary suspects at the time they pulled Ollie over, it is clear that they had probable cause to arrest Ollie and search his van. See id. Ollie's assertion to the contrary is clearly without merit.

Nor is there merit to Ollie's argument that the District Court abused its discretion in denying his motion to amend his complaint. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." Krantz, 305 F.3d at 144 (citing Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)). Here, Ollie's proposed additional claims relied on his underlying argument that the state police troopers lacked probable cause to search and arrest him. As Ollie has not provided any reasons justifying the delay in bringing his additional claims and he has already amended his complaint four times, additional amendments would be futile and would likely cause undue delay.

In light of the foregoing, we will affirm the District Court's dismissal of Ollie's complaint without leave to amend.

7