**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2070
_____

BILLY GOWANS, JR.,
Appellant

v.

ZACHARY AXSOM; DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT; COMPU-LINK CORP; FIRST MORTGAGE SERVICNG
DEPARTMENT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-06169)
District Judge: Honorable John M. Younge
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 2, 2025

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, Circuit Judges

(Opinion filed October 8, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Billy Gowans, Jr., appeals pro se from the District Court's order dismissing his second amended complaint. We will affirm.

I.

In January 2025, Gowan filed an amended complaint in the District Court against defendants Zachary Axsom, the United States Department of Housing and Urban Development, Compu-Link Corporation, and the First Mortgage Servicing Department ("Defendants") alleging fraudulent inducement of a reverse mortgage taken out by his late mother. Gowan challenged the effects of this reverse mortgage and sought to enjoin Defendants from collecting on it and evicting him. The District Court granted Gowan's application to proceed in forma pauperis, screened his first amended complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismissed it without prejudice. In its memorandum opinion, the District Court explained that Gowan could not represent his late mother's estate pro se and dismissed this claim without prejudice to its being reasserted through counsel. As for claims Gowan sought to bring on his own behalf, the District Court concluded his assertions were too vague and dismissed the claims without prejudice for failure to comply with Federal Rule of Civil Procedure 8. The District Court granted Gowan the opportunity to file a second amended complaint so he could explain the "who, what, where, when, and why" of his claims. The District Court's order detailed the information Gowan needed to provide. The District Court also stressed that a second

2

amended complaint had to stand on its own and could not rely on outside documents or exhibits to establish any claims raised therein.

Gowan then filed a second amended complaint, which was significantly less detailed than the first. He made vague references to "the property" but did not even provide its address. Gowan alleged that Defendant Axsom was harassing him by calling frequently, asking Gowan whether he still lived at the property, and threatening to change the locks. Gowan also claimed someone was having contractors visit the property on a monthly basis to take pictures of the door locks. Gowan's only requested relief was that the alleged violations stop. The District Court screened Gowan's second amended complaint and dismissed it with prejudice for failing to comply with Rule 8, concluding that amendment would be futile. Gowan appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review for abuse of discretion the District Court's conclusion that Gowan's second amended complaint failed to comply with the requirements of Rule 8. See Garrett v. Wexford Health, 938 F.3d 69, 91 (3d Cir. 2019). "Fundamentally, Rule 8 requires that a complaint provide fair notice of what the claim is and the grounds upon which it rests." Id. at 92 (cleaned up). The complaint cannot be "so vague or ambiguous that a defendant cannot reasonably be expected to respond to it," and must "present[] cognizable legal claims to which a defendant can respond on the merits." Id. at 93, 94 (cleaned up); see also Alston v.

3

Parker, 363 F.3d 229, 234 (3d Cir. 2004) (applying Rule 8 to a pro se complaint). Although pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

III.

The District Court did not abuse its discretion when it dismissed Gowan's second amended complaint under Rule 8, as it was so vague that it did not provide "notice of what the claim is and the grounds upon which it rests." Garrett, 938 F.3d at 92 (cleaned up). Gowan's second amended complaint did not provide the address of the property at issue, Gowan's relationship to the named defendants, an explanation as to how each defendant is connected to the property, or a plain statement about how the defendants' alleged conduct violated his legal rights. Further, while he invoked the constitution, he did not "plead a deprivation of a constitutional right by a person acting under the color of state law." Id. at 94. Although Gowan had provided more detail in his first amended complaint, the District Court properly declined to use this earlier filing to supplement his second amended complaint. See West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 173 (3d Cir. 2013) (explaining that the District Court cannot look outside the four corners of the operative complaint at the motion to dismiss stage); see also Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 35 (2025) ("If a

4

plaintiff amends her complaint, the new pleading supersedes the old one: The original pleading no longer performs any function in the case." (quotation marks omitted)).

We conclude that the District Court did not abuse its discretion by denying Gowan further leave to amend. "A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." Krantz v. Prudential Invs. Fund Mgmt. LLC, 305 F.3d 140, 144 (3d Cir. 2002) (per curiam). The District Court's opinion and order informed Gowan as to the ways in which his first amended complaint was deficient and provided him the opportunity to amend, and yet Gowan's subsequent filing did not heed the Court's direction. See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019).

On appeal, Gowan claims the District Court dismissed his complaint "with no reason stated on record" and that this dismissal violated the Fourteenth Amendment. We disagree. The District Court was clear in its memorandum opinion as to its basis for dismissal: Gowan was given an opportunity to resolve the deficiencies in his first amended complaint and he failed to do so when he disregarded the Court's specific instructions. Moreover, in his filing on appeal, Gowan does not point to any specific error in the District Court's conclusion that his second amended complaint lacked sufficient factual allegations to satisfy Rule 8. See In re Wettach, 811 F.3d 99, 115 (3d

Cir. 2016) (discussing forfeiture of claims that were not developed in the appellants'

briefing).[1]

Thus, we will affirm the District Court's judgment.

---

[1] Nor has Gowan challenged the District Court's ruling that, as a non-lawyer, he was not entitled to assert pro se claims on behalf of his mother's estate.  <u>See</u> <u>Murray ex rel. Purnell v. City of Phila.</u>, 901 F.3d 169, 171–72 (3d Cir. 2018).