DLD-018                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2073
_____

RASHEED MUHAMMAD,
Appellant

v.

NEW JERSEY STATE PRISON; N.J. STATE PRISON MEDICAL DEPARTMENT;
DR. MILLER; BRUCE DAVIS; IHUOMA NWACHUKWU, M.D.; JOHN DOES 1-5
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:22-cv-04310)
District Judge: Honorable Georgette Castner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 23, 2025

Before: RESTREPO, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: October 27, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Rasheed Muhammad, a New Jersey state prisoner proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing with prejudice his civil rights complaint against the New Jersey State Prison, the New Jersey State Medical Department, and various individual prison employees. We will summarily affirm.

I.

Rasheed Muhammad filed a complaint pursuant to 42 U.S.C § 1983 alleging that his Eighth Amendment rights had been violated. Muhammad, who is diabetic, averred that defendants were deliberately indifferent to his serious medical needs because he was prescribed a heartburn medication called Protonix, and as a result he experienced a severe allergic reaction that nearly killed him. The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it without prejudice for failure to state a claim, granting Muhammad 30 days to file an amended complaint. Muhammad timely filed an amended complaint, but failed to correct the flaws the District Court had identified, so the Court again dismissed the complaint without prejudice. Muhammad filed a second amended complaint that closely resembled his first amended complaint, and the District Court dismissed the complaint with prejudice. Muhammad timely appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo an order dismissing a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). A dismissal for failing to state a claim is proper when "accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

The District Court properly dismissed the plaintiff's second amended complaint for failure to state a claim. Where a prisoner-plaintiff seeks to assert an Eighth Amendment claim arising from his medical treatment, he must establish that the defendants acted with deliberate indifference to his medical needs. See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" Id. This Court has found "deliberate indifference" where a defendant: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it;

(2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Id.

Here, Muhammad has failed to plead that any defendant had the requisite "culpable state of mind." Muhammad complained that his medical care was denied and delayed for a non-medical reason; however, he did not develop those allegations in any way, and "we disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675, 681 (3d Cir. 2012). Although Muhammad had a life-threatening allergic reaction to the medication he was prescribed, he has not alleged that the medical provider knew that he was allergic to the medication or otherwise should have realized that prescribing the medicine could be dangerous. To the contrary, Muhammad acknowledged that he was given insulin, put on a special diet, provided Protonix for his heartburn, and was rushed to the emergency room when his allergic reaction worsened. The District Court properly determined that Muhammad failed to state a claim upon which relief can be granted.

Muhammad was granted multiple opportunities to correct his complaint, so the District Court was well within its discretion to deny any further amendment. See Krantz v. Prudential Invs. Fund Mgmt. LLC, 305 F.3d 140, 144 (3d Cir. 2002) (per curiam). After dismissing plaintiff's federal claims, the District Court acted within its discretion to decline to exercise supplemental jurisdiction over Muhammad's state-law negligence or

malpractice claims. See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir.

1999).[1]

Accordingly, we will summarily affirm the judgment of the District Court.

---

[1] We understand this part of the District Court's dismissal to be without prejudice to Muhammad's bringing the claims in state court. See Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009).